In re SAGE RICHMOND, L.L.C.
Chapter 11 Debtor–in–
Possession

No. 99–35899–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 28, 2002.

Michael A. Condyles, Peter J. Barrett, Richmond, VA, for Robert W. Hansen.

Philip C. Baxa, Richmond, VA, for Connecticut Indemnity Co. and The Fire & Casualty Co. of Connecticut.

Robert B. Van Arsdale, Norfolk, VA, Acting Assistant U.S. Trustee.

### MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held December 12, 2001, on objection by the designated disbursing agent to proofs of claim filed by Connecticut Indemnity Company (CIC) and The Fire and Casualty Insurance Company of Connecticut (FIC). Subsequently, the parties have submitted proposed findings and conclusions.

For the reasons stated below, the objection will be sustained as to CIC and overruled as to FIC.

### Facts.

Debtor Sage Richmond filed a chapter 11 petition on August 31, 1999. Under the confirmed plan of liquidation, Robert W.

Hansen serves as disbursing agent for the purpose of analyzing and objecting to claims.

On September 5, 1999, the court set January 3, 2000, as the last day to file proofs of claim. Notice of the bar date was sent to FIC but not to CIC.

FIC and CIC are related entities, and they have the same mailing address.

Debtor's schedule of creditors lists an unsecured debt of FIC in the amount of $3,016.00. On April 26, 2000, FIC filed an unsecured proof of claim in the amount of $18,096.00. The claim, which is filed on a regular proof of claim form, asserts that it is entitled to treatment as an administrative claim with priority under 11 U.S.C. § 503(B) and § 507(a). The claim states that it is based on post-petition workers' compensation premiums, incurred "10–20–99 AND LATER."

Debtor's schedules did not list CIC as a creditor. On April 26, 2000, CIC filed a unsecured claim for pre-petition workers compensation insurance in the amount of $3,935.00.

On January 24, 2001, the court established February 16, 2001, as the bar date for the filing of applications for allowance of administrative claims.

On July 27, 2001, the disbursing agent filed an omnibus objection to claims. The objection included the claims of CIC and FIC based upon these claims having been filed after the bar date of January 3, 2000.

*Discussion and Conclusions of Law.*

The parties have stipulated that both of the claims in issue were filed after the claim bar date of January 3, 2000.

■ CIC's position is that it was an unscheduled creditor and that there is no evidence that it was sent notice of the bar date. However, CIC has not asserted that it did not have notice. Because of the relationship of the claimants, who share the same address and filed their claims on the same date, the court finds that CIC had actual notice of the bar date, which is sufficient. Accordingly, the objection to allowance of CIC's late claim will be sustained and the claim disallowed.

FIC argues that its claim described a post-petition administrative expense and that it was filed before the bar date for filing of administrative claims. Accordingly, its claim was timely. The disbursing agent argues that the claim should be disallowed because it was filed as a proof of claim, whereas the procedure for requesting payment of administrative expenses is fundamentally different. FIC failed to timely amend the claim to the proper form of request, and it should therefore be denied.

11 U.S.C. § 503(a) provides, "An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." *Id.*

■ The disbursing agent is correct in his argument that a request for payment of an administrative claim is not the same as a proof of claim and should not be filed as such. An "application for payment filed under section 503(a) is all that is required." 4 *Collier On Bankruptcy,* ¶ 503.02[1] (Lawrence P. King ed., 15th ed. rev.2001).

■ The court has found little case authority on the issue raised. However, there is some authority for the court to allow a creditor to characterize a proof of claim as a request for administrative expense. *See id.* at ¶ 503.02[1][a].

FIC's claim was plainly labeled as a claim for a post-petition administrative expense. An analogy can be made to cases that allow late-filed proofs of claim where

the creditor timely submitted an informal claim. Moreover, even if FIC's request is "tardily" filed, the court may allow it for cause under § 503(a).

The court finds that the disbursing agent's position makes too much of the form of the claim. In substance, FIC's claim describes an administrative expense. Accordingly, the objection will be denied and the claim allowed as a request for allowance of administrative expense.